Simon J. Frankel (Bar No. 171552)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email:  sfrankel@cov.com

Attorneys for Claimants
JAE YONG CHUN, SANG AH PARK,
YANG JA YOON, and PORT
MANLEIGH TRUST

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br><br>    v.<br><br>$726,951.45 IN UNITI BANK FUNDS,<br><br>        Defendant. | Civil Case No.: 2:14-cv-03140-RGK (SSx)<br><br>**ANSWER OF CLAIMANTS JAE YONG CHUN, SANG AH PARK, YANG JA YOON, AND PORT MANLEIGH TRUST TO VERIFIED COMPLAINT FOR FORFEITURE IN REM**<br><br>**DEMAND FOR JURY TRIAL** |

ANSWER OF CLAIMANTS JAE YONG CHUN, SANG AH
PARK, YANG JA YOON, AND PORT MANLEIGH TRUST
TO VERIFIED COMPLAINT FOR FORFEITURE IN REM

Civil Case No.: 2:14-cv-03140-RGK (SSx)

1    Claimants Jae Yong Chun, Sang Ah Park, Yang Ja Yoon, and the Port

2 Manleigh Trust, through their undersigned attorneys, hereby Answer the Verified

3 Complaint for Forfeiture in rem filed by the United States (the "Complaint") as follows:

4    1.    Claimants admit that the United States purports to bring this action

5 under the referenced statutory provisions.  To the extent a further response is required,

6 Claimants deny the allegations in Paragraph 1.

7    2.    Paragraph 2 states a legal conclusion to which no response is required.

8 To the extent a further response is required, Claimants deny the allegations in Paragraph

9 2.

10    3.    Paragraph 3 states a legal conclusion to which no response is required.

11 To the extent a further response is required, Claimants deny the allegations in Paragraph

12 3.

13    4.    Admitted.

14    5.    Claimants admit that the United States has wrongfully seized

15 $726,951.45 of Claimants' money, and that the United States purports to bring this action

16 against Claimants' money.  Claimants also admit that the wrongfully seized funds

17 represent proceeds on the sale of 1825 Port Manleigh Place in Newport Beach,

18 California.  Claimants lack knowledge or information sufficient to form a belief about the

19 truth of the remaining allegations in Paragraph 5, and therefore those allegations are

20 denied.

21    6.    Claimants admit that their interests are adversely affected by these

22 proceedings, because their property has wrongfully been seized by the United States.

23 Claimants deny the remaining allegations in Paragraph 6.

24    7.    Claimants lack knowledge or information sufficient to form a belief

25 regarding the truth of the allegations in Paragraph 7, and therefore those allegations are

26 denied.

27    8.    Denied.

28

ANSWER OF CLAIMANTS JAE YONG CHUN, SANG AH
PARK, YANG JA YOON, AND PORT MANLEIGH TRUST
TO VERIFIED COMPLAINT FOR FORFEITURE IN REM

1

Civil Case No.: 2:14-cv-03140-RGK (SSx)

9.      Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 9, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 9 regarding events that occurred approximately 35 years ago are irrelevant to the claims asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

10.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 10, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 10 regarding events that occurred many years ago are irrelevant to the claims asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

11.     Claimants admit that Jae Yong Chun received bearer bonds from his grandfather Lee Kyu Dong, and further state that there was nothing illegal or illegitimate about this transfer from grandfather to grandson or the source of the bearer bonds. Claimants also admit that Jae Yong Chun and his wife Sang Ah Park subsequently acquired a house in Alpharetta, Georgia, using funds earned and acquired through legal and legitimate means.  Lastly, Claimants admit that, following the sale of their home in Alpharetta, Georgia, Mr. Chun and Ms. Park invested the proceeds of the sale in the purchase of a home in Newport Beach, California, which home was subsequently sold in 2014.  Claimants deny the remaining allegations in Paragraph 11.

12.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 12, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 12 regarding events that occurred approximately 35 years ago are irrelevant to the claims asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent

with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

13.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 13, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 13 regarding events that occurred approximately 35 years ago are irrelevant to the claims asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

14.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 14, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 14 regarding events that occurred many years ago are irrelevant to the claims asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

15.     Denied.

16.     Claimants admit that President Chun faced criminal charges in Korea regarding alleged conduct that occurred while he was in office and that he was convicted of certain offenses in the 1990s.  Claimants otherwise lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 16, and therefore those allegations are denied.

17.     Claimants admit that President Chun faced criminal charges in Korea regarding alleged conduct that occurred while he was in office and that he was convicted of certain offenses in the 1990s.  Claimants otherwise lack knowledge or information regarding the truth of the allegations contained in Paragraph 17, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 17 regarding events that occurred many years ago are irrelevant to the claims

asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

18.     Claimants admit that President Chun faced criminal charges in Korea regarding alleged conduct that occurred while he was in office; that he was convicted of certain offenses in the 1990s; and that he served time in prison before his sentence was commuted.  Claimants otherwise lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 18, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 18 regarding events that occurred many years ago are irrelevant to the claims asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

19.     Claimants admit that President Chun has faced criminal charges in Korea regarding alleged conduct that occurred while he was in office; that he was convicted of certain offenses in the 1990s; and that he served time in prison before his sentence was commuted.  Claimants otherwise lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 19, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 19 regarding events that occurred many years ago are irrelevant to the claims asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

20.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 20, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 20 regarding events that occurred many years ago are irrelevant to the claims

asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

21.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 21, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 21 regarding events that occurred many years ago are irrelevant to the claims asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

22.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 22, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 22 regarding events that occurred many years ago are irrelevant to the claims asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

23.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 23, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 23 regarding events that occurred many years ago are irrelevant to the claims asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

24.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 24, and therefore those allegations are denied.  As a further response, Claimants state that the allegations in Paragraph 24 regarding events that occurred many years ago are irrelevant to the claims

1    asserted in the Complaint, unfairly prejudicial to Claimants, and inconsistent with the

2    requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short

3    and plain statement of the claim showing that the pleader is entitled to relief."

4            25.    Claimants admit that Jae Yong Chun received bearer bonds from his

5    grandfather Lee Kyu Dong, and further state that there was nothing illegal or illegitimate

6    about this transfer from grandfather to grandson or the source of the bearer bonds.

7    Claimants otherwise deny the allegations in Paragraph 25.

8            26.    Claimants admit the allegations in the first two sentences of Paragraph

9    26.  Claimants deny the allegations in the third sentence of Paragraph 26.

10           27.    Claimants admit that Jae Yong Chun received bearer bonds from his

11   grandfather Lee Kyu Dong, and further state that there was nothing illegal or illegitimate

12   about this transfer from grandfather to grandson or the source of the bearer bonds.

13   Claimants otherwise deny the allegations in Paragraph 27.

14           28.    Claimants admit that Ryu Chang-hee was a former business associate

15   of Jae Yong Chun and Ryu Chang-hee managed assets for Jae Yong Chun, including

16   opening numerous accounts within which to hold the assets.  Claimants lack knowledge

17   or information sufficient to form a belief regarding the truth of the remaining allegations

18   contained in Paragraph 28, and therefore those allegations are denied.

19           29.    Claimants admit that Ryu Chang-hee was a former business associate

20   of Jae Yong Chun and Ryu Chang-hee managed assets for Jae Yong Chun, including

21   opening numerous accounts within which to hold the assets.  Claimants also admit that, in

22   2003, Jae Yong Chun and his wife Sang Ah Park acquired a house in Alpharetta,

23   Georgia, using funds earned and acquired through legal and legitimate means.  Claimants

24   otherwise deny the allegations in Paragraph 29.

25           30.    Claimants admit that Jae Yong Chun was questioned by the Korean

26   prosecutors in 2013 about funds maintained in bank accounts.  Claimants otherwise deny

27   the allegations in Paragraph 30.

28

ANSWER OF CLAIMANTS JAE YONG CHUN, SANG AH
PARK, YANG JA YOON, AND PORT MANLEIGH TRUST
TO VERIFIED COMPLAINT FOR FORFEITURE IN REM

Civil Case No.: 2:14-cv-03140-RGK (SSx)

31.     Claimants admit that Jae Yong Chun received bearer bonds from his grandfather Lee Kyu Dong, and further state that there was nothing illegal or illegitimate about this transfer from grandfather to grandson.  Claimants lack knowledge or information or knowledge sufficient to form a belief regarding whether the third parties referenced in Paragraph 31 actually made the statements attributed to them or whether the context of any such statements is accurately depicted in Paragraph 31, and therefore Claimants deny the allegations in the second and third sentences of Paragraph 31. Claimants otherwise deny the allegations in Paragraph 31.

32.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 32, which relate to particular financial transactions that allegedly occurred many years ago, and therefore those allegations are denied.

33.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 33, which relate to particular financial transactions that allegedly occurred many years ago, and therefore those allegations are denied.

34.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 34, which relate to particular financial transactions that allegedly occurred many years ago, and therefore those allegations are denied.

35.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 35, which relate to particular financial transactions that allegedly occurred many years ago, and therefore those allegations are denied.

36.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 36, which relate to particular financial transactions that allegedly occurred many years ago, and therefore those allegations are denied.

37.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 37, which relate to particular financial transactions that allegedly occurred many years ago, and therefore those allegations are denied.

38.     Claimants admit that Jae Yong Chun faced criminal tax-related charges in Korea arising from the transfer of bearer bonds from his grandfather Lee Kyu Dong, and that Jae Yong Chun was ultimately convicted on certain tax-related charges and acquitted on others.  As a further response, Claimants state that the decisions of the Korean courts are reported in written decisions that are the best evidence of their contents and Claimants deny the allegations of Paragraph 38 to the extent they are inconsistent with the terms of such written decisions.  Claimants otherwise deny the allegations of Paragraph 38.

39.     Claimants deny the allegations in the first sentence of Paragraph 39. Claimants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 39, which relate to particular financial transactions that allegedly occurred many years ago, and therefore those allegations are denied.

40.     Claimants deny the allegations in the first and second sentences of Paragraph 40.  Claimants lack information or knowledge sufficient to form a belief regarding whether the third parties referenced in Paragraph 40 actually made the statements attributed to them or whether the context of any such statements is accurately depicted in Paragraph 40, and therefore Claimants deny the remaining allegations in the second and third sentences of Paragraph 40.

41.     Claimants admit that, in 2003, Jae Yong Chun and his wife Sang Ah Park acquired a house in Alpharetta, Georgia, using funds earned and acquired through legal and legitimate means.  Claimants also admit that, following the sale of their home in Alpharetta, Georgia, Claimants Chun and Park invested the proceeds of the sale in the

1   purchase of a home in Newport Beach, California.  Claimants deny the remaining

2   allegations in Paragraph 41.

3          42.    Claimants deny the allegations in first sentence of Paragraph 42.

4   Claimants lack information or knowledge sufficient to form a belief regarding the truth of

5   the remaining allegations in Paragraph 42, and therefore those allegations are denied.

6          43.    Claimants admit that Jae Yong Chun was involved in the creation of

7   the two companies referenced in Paragraph 43 and also admit that OR Solutions did not

8   generate revenue or profit.  Claimants deny the remaining allegations in Paragraph 43.

9          44.    Claimants admit that Jae Yong Chun and his wife Sang Ah Park

10  purchased the Georgia Property on or about May 15, 2003.  Claimants also admit that Mr.

11  Chun and Ms. Park purchased the Georgia Property with their own funds and without any

12  financing from a third party.  Claimants deny the remaining allegations in Paragraph 44.

13         45.    Claimants admit that the home in Alpharetta, Georgia was at one time

14  titled in the name of Sang Ah Park and further state Ms. Park was at that time and is

15  today the wife of Jae Yong Chun.  Claimants also admit that the Alpharetta, Georgia

16  home was subsequently transferred to a trust, with Yang Ja Yoon as Trustee.  Claimants

17  deny the remaining allegations in Paragraph 45.

18         46.    Claimants admit that Jae Yong Chun and his wife Sang Ah Park wired

19  funds from Korea to the United States to purchase their home in Alpharetta, Georgia in

20  2003, and further state that there is nothing illegal or improper about such international

21  wires.  Claimants lack knowledge or information sufficient to form a belief regarding the

22  truth of the remaining allegations contained in Paragraph 46, relating to the precise dates,

23  amounts, and accounts involved in particular financial transactions that allegedly

24  occurred many years ago, and therefore those allegations are denied.

25         47.    Claimants lack knowledge or information sufficient to form a belief

26  regarding the truth of the allegations contained in Paragraph 47, which relate to the

27  precise dates, amounts, and accounts involved in particular financial transactions that

28  allegedly occurred many years ago, and therefore those allegations are denied.

ANSWER OF CLAIMANTS JAE YONG CHUN, SANG AH                    9                    Civil Case No.: 2:14-cv-03140-RGK (SSx)
PARK, YANG JA YOON, AND PORT MANLEIGH TRUST
TO VERIFIED COMPLAINT FOR FORFEITURE IN REM

48.     Claimants admit that Jae Yong Chun and his wife Sang Ah Park moved from Korea to Alpharetta, Georgia in 2003 and they wired funds from Korea to the United States at or around the time of their move.  Claimants deny the remaining allegations of Paragraph 48.

49.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 49, which relate to the precise dates, amounts, and accounts involved in particular financial transactions that allegedly occurred many years ago, and therefore those allegations are denied.

50.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first three sentences of Paragraph 50, which relate primarily to a specific alleged financial transaction from 2003, and therefore those allegations are denied.  Claimants deny the allegations in the fourth sentence of Paragraph 50.

51.     Claimants admit that Jae Yong Chun was interviewed by Korean prosecutors in 2013.  In the absence of a certified, accurate transcript or videotape of that interview, Claimants lack information sufficient to form a belief regarding the truth of the allegations in Paragraph 51 regarding specific questions posed and answers given during the referenced interview, and therefore those allegations are denied.

52.     Claimants admit that Yang Ja Yoon was interviewed by Korean prosecutors.  In the absence of a certified, accurate transcript or videotape of that interview, Claimants lack information sufficient to form a belief regarding the truth of the allegations in Paragraph 52 regarding specific questions posed and answers given during the referenced interview, and therefore those allegations are denied.

53.     Claimants admit that Sang Ah Park was interviewed by Korean prosecutors.  In the absence of a certified, accurate transcript or videotape of that interview, Claimants lack information sufficient to form a belief regarding the truth of the allegations in Paragraph 53 regarding specific questions posed and answers given during the referenced interview, and therefore those allegations are denied.

54.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first two sentences of Paragraph 54, which relate primarily to a specific alleged financial transaction from 2003, and therefore those allegations are denied.  Claimants deny the allegations in the third sentence of Paragraph 54.

55.     Claimants admit that Jae Yong Chun was interviewed by Korean prosecutors in 2013.  In the absence of a certified, accurate transcript or videotape of that interview, Claimants lack information sufficient to form a belief regarding the truth of the allegations in Paragraph 55 regarding specific statements allegedly made during the referenced interview, and therefore those allegations are denied.

56.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 56, and therefore those allegations are denied.

57.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first two sentences of Paragraph 57, which relate to specific alleged financial transactions from 2003, and therefore those allegations are denied.  Claimants deny the allegations in the fourth sentence of Paragraph 57.

58.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 58, which relate to the precise dates, amounts, and accounts involved in particular financial transactions that allegedly occurred in 2003, and therefore those allegations are denied.

59.     Denied.

60.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first three sentences of Paragraph 60, which relate to the details involved in particular financial transactions that allegedly occurred in 2003, and therefore those allegations are denied.  Claimants lack knowledge or information sufficient to form a belief regarding whether the third parties referenced in

ANSWER OF CLAIMANTS JAE YONG CHUN, SANG AH
PARK, YANG JA YOON, AND PORT MANLEIGH TRUST
TO VERIFIED COMPLAINT FOR FORFEITURE IN REM

11

Civil Case No.: 2:14-cv-03140-RGK (SSx)

1  Paragraph 60 actually made the statements attributed to them or whether the context of

2  any such statements is accurately depicted in Paragraph 60, and therefore Claimants deny

3  the remaining allegations in the second and third sentences of Paragraph 60.

4       61.     Claimants admit that Jae Yong Chun purchased and later sold a

5  membership in the Hwasan Club for approximately the amounts of money alleged in

6  Paragraph 61, and further state that this membership was purchased with funds acquired

7  through legitimate and legal means.  Claimants deny the remaining allegations of

8  Paragraph 61.

9       62.     Claimants admit that Jae Yong Chun and his wife Sang Ah Park

10  purchased the Georgia Property in 2003 and subsequently sold the property in 2004.

11  Claimants lack knowledge or information sufficient to form a belief regarding the truth of

12  the remaining allegations contained in Paragraph 62, and therefore those allegations are

13  denied.

14       63.     Claimants lack knowledge or information sufficient to form a belief

15  regarding the truth of the allegations contained in Paragraph 63, and therefore those

16  allegations are denied.

17       64.     Claimants admit the allegations in the first sentence of Paragraph 64.

18  Claimants lack knowledge or information sufficient to form a belief regarding the truth of

19  the allegations contained in the second sentence of Paragraph 64, and therefore those

20  allegations are denied.  Claimants deny the allegations contained in the third sentence of

21  Paragraph 64.

22       65.     Claimants admit that they purchased the Newport Beach Property, and

23  further state they did so with funds acquired through legitimate and legal means.

24  Claimants lack knowledge or information sufficient to form a belief regarding the truth of

25  the remaining allegations contained in Paragraph 65, and therefore those allegations are

26  denied.

27       66.     Claimants admit that they purchased the Newport Beach Property, and

28  further state they did so with funds acquired through legitimate and legal means.

Claimants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 66, and therefore those allegations are denied.

67.     Claimants admit that they purchased the Newport Beach Property, and further state they did so with funds acquired through legitimate and legal means.  In the absence of a certified, accurate transcript or videotape of the interview between the Korean Prosecutor and Yang Ja Yoon, Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 67 regarding specific questions posed by and answers given to the Korean Prosecutor, and therefore those allegations are denied.

68.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 68, which relate to the precise dates, amounts, and accounts involved in particular financial transactions that allegedly occurred in 2005, and therefore those allegations are denied.

69.     Claimants admit that they purchased the Newport Beach Property, and further state they did so with funds acquired through legitimate and legal means. Claimants specifically deny the allegations in the last sentence of Paragraph 69 and state that they lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 69, and therefore those allegations are denied.

70.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of Paragraph 70, and therefore those allegations are denied.  Claimants deny the allegations contained in the second sentence of Paragraph 70.

71.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 71, which relate to the precise dates, amounts, and accounts involved in particular financial transactions that allegedly occurred in 2003, and therefore those allegations are denied.

72.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 72, which relate to the precise dates, amounts, and accounts involved in particular financial transactions that allegedly occurred in 2003, and therefore those allegations are denied.

73.     Claimants specifically deny the allegations contained in the second and third sentences of Paragraph 73.  In the absence of a certified, accurate transcript or videotape of the interview between the Korean Prosecutor and Jae Yong Chun and Sang Ah Park, Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 73 regarding specific questions posed by and answers given to the Korean Prosecutor, and therefore those allegations are denied.

74.     Denied.

75.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 75, which relate to alleged statements made by a third party to unspecified "Korean prosecutors," and therefore those allegations are denied.

76.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 76, which relate to details about tax returns filed 12, 13, and 14 years ago, and therefore those allegations are denied.

77.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 77, and therefore those allegations are denied.

78.     Paragraph 78 states legal conclusions to which no response is required.  In the absence of a certified, accurate transcript or videotape of the interview between the Korean Prosecutor and Jae Yong Chun and Sang Ah Park, Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 78 regarding specific questions posed by and answers given to the Korean Prosecutor, and therefore those allegations are denied.

79.     In the absence of a certified, accurate transcript or videotape of the interviews between "Korean investigators" and Jae Yong Chun and Yang Ja Joon, Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 79 regarding specific questions posed and answers given in these interviews, and therefore those allegations are denied.

80.     Denied.

81.     Claimants admit that they purchased the Newport Beach Property, and applied to receive a mortgage from Washington Mutual Bank.  Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 81 relating to the representations made in the referenced Loan Application, and therefore those allegations are denied.

82.     Claimants admit that they purchased the Newport Beach Property, and applied to receive a mortgage from Washington Mutual Bank.  Claimants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 82, and therefore those allegations are denied.

83.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 83, and therefore those allegations are denied.

84.     Claimants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 84, and therefore those allegations are denied.

85.     Claimants admit that they purchased the Newport Beach Property with funds obtained, in part, from a mortgage from Washington Mutual Bank.  Claimants deny the remaining allegations in Paragraph 85.

86.     Claimants admit the allegations in the first two sentences of Paragraph 86.  Claimants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 86, and therefore those allegations are denied.

87.     Paragraph 87 sets forth conclusions of law to which no response is required.  To the extent a response is required, Claimants state that Paragraph 87 purports to paraphrase various Korean laws and statutes, which are the best evidence of their contents, and Claimants deny the allegations of Paragraph 87 to the extent they are inconsistent with the referenced Korean laws and statutes.

88.     Paragraphs 1 through 87 above are incorporated by reference as if fully set forth herein.

89.     Denied.

90.     Denied.

91.     Paragraphs 1 through 90 above are incorporated by reference as if fully set forth herein.

92.     Denied.

93.     Denied.

94.     Paragraphs 1 through 93 above are incorporated by reference as if fully set forth herein.

95.     Denied.

96.     Denied.

97.     Paragraphs 1 through 96 above are incorporated by reference as if fully set forth herein.

98.     Denied.

99.     Denied.

100.   Paragraphs 1 through 99 above are incorporated by reference as if fully set forth herein.

101.   Denied.

102.   Denied.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Claimants allege the following separate and distinct affirmative defenses, without conceding that they bear the burden of proof or persuasion as to any of them:

### First Affirmative Defense

(Failure to State a Claim for Relief)

The Complaint, including each purported claim for relief set forth therein, fails to allege facts sufficient to constitute a claim for relief.

### Second Affirmative Defense

(Innocent Owner)

The Complaint, including each purported claim for relief set forth therein, fails because Claimants are the innocent owners of the Defendant Funds under 18 U.S.C. § 983(d) and under all other applicable statutes and doctrines.

### Third Affirmative Defense

(Statute of Limitations)

The Complaint, including each purported claim for relief set forth therein, is barred under the applicable statute of limitations, including but not limited to the limitation period contained in 19 U.S.C. § 1621.

### Fourth Affirmative Defense

(Laches)

The Complaint, including each purported claim for relief set forth therein, is barred by the doctrine of laches.

### Fifth Affirmative Defense

(Waiver)

The Complaint, including each purported claim for relief set forth therein, is barred by the doctrine of waiver.

ANSWER OF CLAIMANTS JAE YONG CHUN, SANG AH PARK, YANG JA YOON, AND PORT MANLEIGH TRUST TO VERIFIED COMPLAINT FOR FORFEITURE IN REM

17

Civil Case No.: 2:14-cv-03140-RGK (SSx)

<u>Sixth Affirmative Defense</u>

(Estoppel)

The Complaint, including each purported claim for relief set forth therein, is barred by the doctrine of estoppel.

<u>Seventh Affirmative Defense</u>

(Unclean Hands)

The Complaint, including each purported claim for relief set forth therein, is barred by the doctrine of unclean hands.

**PRAYER**

WHEREFORE, Claimants pray that:

a)   Plaintiff take nothing and Judgment be entered in favor of Claimants;

b)   The Defendant Funds be released to Claimants;

c)   Claimants be awarded their costs of suit;

d)   Claimants be awarded their attorneys' fees incurred in this action; and

e)   The Court grant Claimants such other relief as it deems just and proper.

Dated:  July 14, 2014

Respectfully submitted,

COVINGTON & BURLING LLP

By:  *s/ Simon J. Frankel*
     Simon J. Frankel

Benjamin J. Razi
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 662-6000
Fax: (202) 778-5463
Email: brazi@cov.com

*Attorneys for Claimants Jae Yong Chun, Sang Ah Park, Ja Yoon, and the Port Manleigh Trust*

ANSWER OF CLAIMANTS JAE YONG CHUN, SANG AH PARK, YANG JA YOON, AND PORT MANLEIGH TRUST TO VERIFIED COMPLAINT FOR FORFEITURE IN REM

18

Civil Case No.: 2:14-cv-03140-RGK (SSx)

1

**CERTIFICATE OF SERVICE**

2          I certify that on July 14, 2014, I caused a copy of the foregoing Answer to be filed

3     on the Court's CM/ECF filing system, which will cause a copy of this document to be

4     served on counsel for all parties that have entered an appearance in this action.

5

6                                               *s/ Simon J. Frankel*
                                              Simon J. Frankel
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF CLAIMANTS JAE YONG CHUN, SANG AH          19          Civil Case No.: 2:14-cv-03140-RGK (SSx)
PARK, YANG JA YOON, AND PORT MANLEIGH TRUST
TO VERIFIED COMPLAINT FOR FORFEITURE IN REM