KENDALL DAY
Chief, Asset Forfeiture and
Money Laundering Section (AFMLS)
DANIEL H. CLAMAN, Assistant Deputy Chief
WOO S. LEE, Senior Trial Attorney
DELLA SENTILLES, Trial Attorney
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone: (202) 514-1263
Woo.Lee@usdoj.gov

STEPHANIE YONEKURA
Acting United States Attorney
STEVEN R. WELK (Cal. Bar No. 149883)
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER (Cal. Bar No. 222875)
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Telephone: (213) 894-3172
Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CV 14-3140-RGK-SS |
| Plaintiff, | ) |
| v. | ) Hon. R. Gary Klausner |
| | ) |
| $726,951.45 IN UNITI BANK FUNDS | ) |
| | ) PROPOSED CONSENT JUDGMENT |
| Defendants. | ) OF FORFEITURE |

Consent Judgment

04579.23529/5570370.2

Whereas this action (the "California Action") was filed on April 24, 2014, against the defendant $726,951.45 in funds held at Uniti Bank ("Defendant Funds"). Jae Yong Chun, Sang Ah Park, Yoon Yang Ja, and the Port Manleigh Trust (collectively "Claimants") claim an interest in the Defendant Funds.  No other parties other than Claimants have appeared in this case and the time for filing statements of interest and answers has expired.  The Defendant Funds are in the custody and control of the United States Marshal Service ("USMS").

Whereas Plaintiff United States of America and Claimants have reached a Settlement Agreement that is dispositive of the California Action and the parties hereby request that the Court enter this Consent Judgment of Forfeiture ("Forfeiture Judgment") in the California Action.  The Settlement Agreement is filed as Exhibit A to this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the Parties and the subject matter of the California Action.

2. Notice of this California Action has been given in accordance with law. All potential claimants other than Claimants are deemed to have admitted the allegations of the Complaint.  The allegations in the Complaint -- which, as set forth in the attached Settlement Agreement are neither admitted nor denied by Claimants -- are sufficient to provide a basis for forfeiture on the terms described herein.

-1-

3. As set forth in the Settlement Agreement, Claimants, jointly and individually, and the United States consent to the entry of this Forfeiture Judgment and agree to take all reasonable steps necessary to execute its terms.

4. Claimants, jointly and individually, represent that they are the owners of the Defendant Funds in the California Action. Claimants further represent and warrant, jointly and individually, that they have the legal right to transfer the Defendant Funds without the intervention, consent or approval of any other third party.

5. One hundred thousand dollars ($100,000.00) of the Defendant Funds, without interest, shall be returned to Claimants through their counsel. Claimants' counsel shall provide any and all information to the United States needed to process the distribution of these funds according to federal law. No funds shall be distributed pursuant to this Paragraph prior to April 27, 2015.

6. The United States of America shall have judgment as to $626,951.45 of the Defendant Funds and all interest earned on the entirety of the Defendant Funds since seizure, and no other person or entity shall have any right, title or interest therein. The United States is ordered to dispose of said funds in accordance with law, subject to the terms agreed to in the Settlement Agreement. All right, title, and interest of Claimants, and all

other potential claimants, in the Defendant Funds described in this Paragraph is hereby condemned and forfeited to the United States of America. The United States Marshals Service is ordered to dispose of said funds in accordance with law.

7. The Parties agree that this Forfeiture Judgment is conditioned upon satisfaction of the terms set forth in the Settlement Agreement.

8. Upon entry of the Forfeiture Judgment by the Court, the Forfeiture Judgment shall constitute the final judgment between and among the United States and Claimants.

9. As it pertains to this Forfeiture Judgment, all rights of appeal are hereby waived by all Parties. Notwithstanding the foregoing, the Parties do not waive their rights to enforce the terms of this Forfeiture Judgment, which rights are expressly retained.

10. This Forfeiture Judgment, and any other dispute arising thereof, shall be governed by the laws of the United States and the laws of the State of California. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Forfeiture Judgment is the United States District Court for the Central District of California. This Court shall retain jurisdiction to enforce this Forfeiture Judgment.

11. In the event that any disputes arise about the interpretation of or compliance with the terms of this Forfeiture Judgment, the Parties will endeavor in good faith to resolve any such disputes between themselves before bringing it to the Court for resolution. However, in the event of either a failure by one of the parties to this Forfeiture Judgment to comply with its terms or an act by one of the Parties in violation of any provision hereof, the Parties may move this Court to impose any remedy authorized by law or equity, including awarding attorney's fees, issuing contempt citations and ordering monetary sanctions and penalties.

12. The Court finds that there was reasonable cause for the seizure of the Defendant Funds and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

M. KENDALL DAY, Chief
ASSET FORFEITURE AND MONEY
LAUNDERING SECTION,
Criminal Division

By: _____
WOO S. LEE, Senior Trial Attorney
DELLA SENTILLES, Trial Attorney
Criminal Division
*Attorneys for the Plaintiff*
*United States of America*

By: *S/Benjamin J. Razi*
Benjamin J. Razi (admitted *pro hac vice*)
Caitlin R. Cottingham
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 778-5463
Email: brazi@cov.com

*Attorneys for Claimants Jae Yong Chun, Sang Ah Park, Yang Ja Yoon, and the Port Manleigh Trust*

IT IS SO ORDERED.

_____
R. GARY KLAUSNER
United States District Judge

Signed this _____ day of _____, 2015.

-5-